### HAGADORN *v.* VILLAGE OF EDGEWATER.

*(Supreme Court, General Term, First Department. March 13, 1891.)*

PLEADING—STRIKING OUT ANSWER.
  An answer which simply denies that defendant has any knowledge or information as to the allegations contained in the complaint sufficient to form a belief, being authorized by Code Civil Proc. N.Y. § 500, providing that the answer must contain a general or specific denial of each material allegation of the complaint controverted by the defendant, or "of any knowledge or information thereof sufficient to form a belief," cannot be stricken out as frivolous.

Appeal from special term, New York county.
Action by William Hagadorn against the village of Edgewater. Defendant appeals from a judgment for plaintiff, entered on an order striking out the answer as frivolous, and from said order. Code Civil Proc. N. Y. § 500, provides: "The answer of the defendant must contain: (1) A general and specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief."
Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.
*William M. Mullen,* for appellant. *James Ridgway,* for respondent.

VAN BRUNT, P. J. As was said in the case of *Barney* v. *King, ante,* 685, (decided herewith,) the argument of the respondent's counsel shows conclusively that in his opinion the answer stricken out was not frivolous. In order to sustain his proposition he has thought it necessary to cite 26 authorities, none of which have the slightest application to the question presented. The motion seems to have been granted upon the ground that the answer contained no denial, because it simply denied that the defendant had any knowledge or information as to the allegations contained in the complaint sufficient to form a belief. This form of denial, however, is expressly authorized by

section 500 of the Code. ·It hardly needs authority or argument to establish its sufficiency. The judgment and order should be reversed, with costs. All concur.